UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHARON MOORE,                    :        3:14cv1540 (WWE)

                                 :

   v.                            :

                                 :

ASTRID FERRON-POOLE              :

## RULING ON MOTION TO DISMISS

In this action, plaintiff Sharon Moore, an African-American woman, alleges that Astrid Ferron-Poole, the Director of Administration in the Connecticut Department of Social Services, discriminated against her based on her race and age in violation of the Equal Protection Clause of the United States Constitution and 42 U.S.C. § 1983. Plaintiff has sued defendant in her individual capacity. Defendant filed a motion to dismiss for failure to state a claim. For the following reasons, the motion to dismiss will be denied.

## FACTUAL BACKGROUND

For purposes of ruling on this motion to dismiss, the Court assumes that all of the factual allegations in the complaint are true.

Plaintiff is an African-American woman born in 1952. She holds a bachelor's degree in English literature from Clark University and a Master's Degree in Business Administration from Columbia University.

At the time relevant to this action, she was employed as a Social Services Child Support Investigator in the Department of Social Services. She has also received satisfactory or better evaluations. In September 2012, she applied for the position of Social Work Supervisor in the Depart of Social Services. The plaintiff scored a 93 on

the promotional exam and was the most qualified candidate interviewed for the position. Her interviewers recommended that she be offered the position. Nevertheless, defendant selected a 44-year old Hispanic female who less qualified for the position.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant maintains that plaintiff has failed to set forth a plausible claim of intentional discrimination pursuant to Section 1983. Specifically, defendant asserts that plaintiff has not set forth factual allegations from which one might infer that she was treated differently than others similarly situated outside of her protected class as a result of intentional or purposeful discrimination.

However, the Court disagrees. The Court must construe the allegations of the complaint most liberally in favor of plaintiff. The facts that plaintiff was the most qualified candidate, was recommended by her interviewers for the job, and was passed

over in favor of a younger individual who was not African-American affords an inference that she was rejected due to intentional of purposeful discrimination. Defendant has adequate notice of the violation asserted against her and the grounds for such violation. The Court will leave plaintiff to her proof.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [doc. #19] is DENIED.

Dated this 2d day of June, 2015 at Bridgeport, Connecticut.


_____/s/_____
Warren W. Eginton
Senior U.S. District Judge