UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHARON MOORE, :
      Plaintiff, :
       :
v. : No. 3-14-cv-1540 (WWE)
       :
ASTREAD O. FERRON-POOLE, :
      Defendant. :

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Sharon Moore alleges that defendant Astread Ferron-Poole denied plaintiff a promotion to Social Work Supervisor in the Connecticut Department of Social Services ("DSS") due to plaintiff's race and age in violation of the Equal Protection Clause of the Fourteenth Amendment.

Defendant moves for summary judgment, arguing that plaintiff cannot show an equal protection violation and that qualified immunity shields defendant from liability. For the following reasons, the motion for summary judgment will be granted in defendant's favor.

## BACKGROUND

The parties have submitted statements of facts with supporting exhibits, which reveal the following factual background.

Defendant is an African-American woman and the Chief of Staff/Affirmative Action Administrator for DSS. She reports to the Commissioner of DSS.

Plaintiff is an African-American woman born in 1952. She has worked at DSS since 2006 as a Child Support Investigator. From 1987 to 1999, she worked at the Connecticut Department of Children and Families, first as a Social Worker and then as a Social Worker Supervisor.

DSS is required by state law to develop and implement an affirmative action plan.  Goals are established each year through a formula developed by the Connecticut Human Rights and Opportunities ("CHRO") and set forth in its regulations.  Goal candidates fall within the race and gender categories determined to be underrepresented in a particular job classification.  To comply with CHRO regulations and state law, DSS must demonstrate a good faith effort to meet the hiring and promotional goals in its affirmative action plan.  Goal candidates need only meet the minimum requirements of the position.

In September 2012, plaintiff applied for a promotion to a Social Work Supervisor position in Adult Protective Services in DSS's Hartford regional office.  Each candidate was rated by interviews as Superior, Acceptable, Marginal or Unacceptable in the areas of technical competence, motivation, judgment, interpersonal skills, responsiveness to questions, and overall.

There were three final candidates for the position:  Plaintiff; an African--American woman; and a Hispanic woman.  All three of the candidates received an overall rating of Acceptable.  The hiring managers recommended that plaintiff be offered the position.

In January 2013, defendant considered the three candidates' information, the hiring managers' recommendation, and the DSS affirmative action goals for the Social Work Supervisor position.  At the time, DSS had the following hiring goals relevant to the Social Work Supervisor position: Five Caucasian males, one Hispanic female; one other male.[1]

---

[1] Defendant explained that new goals had been determined in March of the previous year. Goals from a previous year are used until new goals are established.

On January 26, 2013, the Secretary of the Office of Policy and Management ("OPM") sent a memorandum to all state agencies announcing a hiring freeze; it instructed state agencies that any approval previously granted by OPM to refill positions was revoked except for positions for which a bona fide offer of employment had been made as of the close of business on January 28, 2013.

On January 28, 2013, defendant selected the Hispanic candidate.  DSS's Human Resources Personnel Officer approved the selection for the position.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)

.    If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party

submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  <u>Anderson</u>, 477 U.S. at 249.

<u>Disparate Treatment</u>

Plaintiff claims disparate treatment based on her race and age in violation of the United States Constitution's Equal Protection Clause.  A plaintiff alleging denial of equal protection under Section 1983 must show that the discrimination was intentional.  <u>Patterson v. County Oneida, N.Y.</u>, 375 F.3d 206, 226 (2d Cir. 2004).  An equal protection claim pursuant to Section 1983 is analyzed according the burden shifting framework established by <u>McDonnell Douglas v. Green</u>, 411 U.S. 792, 802-804 (1973). and <u>Texas Dept. of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-56 (1981).

Thus, to establish her prima facie claim of discrimination, plaintiff must demonstrate that (1) she belongs to a protected class; (2) she was performing her duties satisfactorily; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  Although the plaintiff's initial burden is not onerous, she must show that the alleged adverse employment action was not made for legitimate reasons.  <u>Thomas v. St. Francis Hosp. & Med. Ctr.</u>, 990 F. Supp. 81, 86 (D. Conn. 1998).

If the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action.  The plaintiff must then prove by a preponderance of the evidence that the supposed legitimate reason is actually a pretext for discrimination.  <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 515 (1993).

For purposes of ruling on this motion, the Court assumes that plaintiff has met her

burden on the prima facie case of discrimination.  However, as an asserted legitimate justification for her hiring decision, defendant asserts that she selected the Hispanic candidate, who was rated equally with plaintiff and who satisfied the affirmative action hiring goals.  The record evidence fails to establish an inference that this justification is a pretext for defendant's discriminatory animus against plaintiff.  Defendant's selection advanced the affirmative action goals in compliance with the statutory mandate "to develop and implement, in cooperation with the Commission on Human Rights and Opportunities, an affirmative action plan that commits the agency ... to a program of affirmative action in all aspects of personnel and administration."  Conn. Gen. Stat. § 46a-68; see Black v. State Dept. of Correction, 2012 WL 4902800, at *7 (Conn. Super. Ct.) (Noting that it would be improper for courts to discourage affirmative action programs by treating use of such programs as evidence of discrimination).  The Court should not second guess an employer's business decision so long as that decision is not taken for a discriminatory reason, and in this instance, plaintiff's credentials are not so superior to that of the selected candidate so as to raise an inference of a discriminatory selection.  See Byrnie v. Town of Cromwell Bd. of Ed., 243 F.3d 93, 103 (2d Cir. 2001). Accordingly, summary judgment will enter in defendant's favor on the claim of equal protection violation.

Qualified Immunity

Alternatively, the Court finds that defendant is entitled to qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v.

Callahan, 555 U.S. 223, 231 (2009).  Consequently, a defendant is entitled to qualified immunity if (1) her conduct does not violate a clearly established constitutional right, or (2) it was "objectively reasonable" for the officer to believe her conduct did not violate a clearly established constitutional right.  Hartline v. Gallo, 546 F.3d 95, 102 (2d Cir. 2008).

The defense of qualified immunity is an affirmative defense, and a defendant must prove that it would be clear to a reasonable public official that his or her conduct was objectively reasonable.  See Lore v. City of Syracuse, 670 F.3d 127, 149 (2d Cir. 2012) (noting that qualified immunity is an affirmative defense for which defendants have the burden of proof).  With respect to summary judgment, a court should find qualified immunity only where an official has met his or her burden demonstrating that no rational jury could conclude that the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.  Coollick v. Hughes, 699 F.3d 211, 219 (2d Cir. 2012).

At the time relevant to this action, it was objectively reasonable for defendant to believe that her selection of the Hispanic candidate, who was equally qualified and also an affirmative action goal candidate, was legitimate and not discriminatory.  See Black, 2012 WL 4902800, at *7.  Summary judgment will be granted in defendant's favor on this basis.

**CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment [doc. #35] is GRANTED. The Clerk is directed to close this case.

/s/Warren W. Eginton<br>
Warren W. Eginton<br>
Senior U.S. District Judge

Dated at Bridgeport, Connecticut this 31st day of October, 2016.